UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CCELL CLOSED CANNABIS OIL
VAPORIZATION SYSTEMS AND
COMPONENTS PRODUCTS LITIGATION                               MDL No. 3161

TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in the Northern District of Illinois *B.Z.* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois. This litigation consists of five actions pending in four districts, as listed on Schedule A. Plaintiffs in two actions support the motion and, alternatively, suggest centralization of only the actions brought on behalf of indirect purchasers. Plaintiffs in the Northern District of California indirect purchaser action suggest centralization in the Northern District of California or, alternatively, the Northern District of Illinois. Defendants[1] support centralization in the Northern District of California. Plaintiffs in the Northern District of California consolidated direct purchaser action oppose centralization and, alternatively, support centralization in the Northern District of California. During oral argument, movant expressed support for centralization in the Northern District of California, in the alternative.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that defendants entered into a price-fixing agreement and market allocation scheme to raise the price of closed cannabis oil vaporizer systems manufactured by Smoore. All plaintiffs allege that defendants agreed to create a minimum price floor for the products, prevented the purchase of competing products, and shared price and customer information with one another. Four of the actions are brought on behalf of putative nationwide classes of indirect purchasers of Smoore's closed cannabis oil vaporization products, and the fifth consolidated action is brought on behalf of a similar class of direct purchasers. Centralization will eliminate duplicative discovery; prevent

---

[*]   Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1]   Shenzhen Smoore Technology Co., Ltd. and Smoore International Holdings Ltd. (together, Smoore); and Jupiter Research LLC (Jupiter), Greenlane Holdings, Inc. (Greenlane), 3Win Corp. (3Win), and CB Solutions, LLC d/b/a Canna Brand Solutions (CB Solutions, and together with Jupiter, Greenlane, and 3Win, the distributor defendants).

inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

While the parties' briefing initially was unclear as to their positions on centralization of the consolidated direct purchaser action, at oral argument, counsel for all parties except the direct purchaser plaintiffs supported including the direct purchaser action in the MDL. We find including the direct purchaser action to be appropriate. "The Panel has frequently centralized antitrust cases involving direct and indirect purchaser claims that arise from common factual allegations, particularly where multiple related actions are pending." *In re Skelaxin (Metaxalone) Antitrust Litig.*, 856 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012). The actions are premised on the same factual allegations, and there will be significant overlap in discovery.

In opposing centralization, the direct purchaser plaintiffs do not dispute that the actions share common factual issues. Instead, they argue that there are a minimal number of actions, and coordination can be accomplished with Section 1404 transfers. No Section 1404 motions have been filed to date, the cases are pending in four courts, and all actions appear to involve unique plaintiffs' counsel. Under these circumstances, we find centralization likely will be the most efficient path forward for these cases.

We find that the Northern District of California is the most appropriate transferee district for this litigation, where the first filed and most advanced actions are pending before Judge Vince Chhabria. Judge Chhabria has consolidated the three direct purchaser actions that were before him and related an indirect purchaser action to that litigation. Fully-briefed motions to dismiss are pending in those cases. We are confident Judge Chhabria will steer this litigation on a prudent and expeditious course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria, for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that this litigation is renamed to *In re CCell Closed Cannabis Oil Vaporization Systems and Components Products Antitrust Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

**IN RE: CCELL CLOSED CANNABIS OIL
VAPORIZATION SYSTEMS AND
COMPONENTS PRODUCTS LITIGATION**                           MDL No. 3161

## SCHEDULE A

Northern District of California

IN RE CLOSED CANNABIS OIL VAPORIZER SYSTEMS AND COMPONENTS
    INDIRECT PURCHASER ANTITRUST LITIGATION, C.A. No. 3:24−09090
IN RE CLOSED CANNABIS OIL VAPORIZER SYSTEMS AND COMPONENTS
    DIRECT PURCHASER ANTITRUST LITIGATION, C.A. No. 3:25−01428

Southern District of Florida

RUKEYSER v. SHENZHEN SMOORE TECHNOLOGY COMPANY, LTD., ET AL.,
    C.A. No. 2:25−14238

Northern District of Illinois

B.Z. v. SHENZHEN SMOORE TECHNOLOGY COMPANY, LTD., ET AL.,
    C.A. No. 1:25−07482

District of Nevada

M. v. SHENZHEN SMOORE TECHNOLOGY COMPANY, LTD, ET AL.,
    C.A. No. 2:25−01163